UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| IN RE: | : CASE NO:   17-32838 |
| Jeffrey G. Richmond | :   (Chapter 13) |
| | : JUDGE:   Guy R. Humphrey |
| | : |
| Debtor | : |

**CHAPTER 13 TRUSTEE'S RESPONSE AND OPPOSITION TO DEBTOR'S MOTION TO APPROVE SETTLEMENT (DOC. 77)**

Now comes the Chapter 13 Trustee in response and opposition to the Debtor's Motion to Approve Settlement (Doc. 77) filed with the Court on February 7, 2018.  In support of his opposition, the Trustee states as follows:

Debtor is requesting to settle a civil claim for the sum of $30,000.00.  He has indicated that the settlement is through Julia C. Kolber of Boucher & Boucher Co., LPA.  However, there is no order presently appointing Julia C. Kolber, as Special Counsel.  The Trustee does note that the application to appoint said special counsel as filed on the same day as this motion to compromise, to wit: February 7, 2018.  However, it appears that the application to approve is premature.

The Trustee is not necessarily opposed to the $30,000.00 settlement on this case further problem with the pleading is that it does not appear to be complete.  Going to paragraph numerate 3 on the second page of the motion, the motion states "Pay the balance of Thirteen Thousand Dollars and zero Cents ($30,000.00) to the Chapter 13 Trustee".  The Trustee is unclear what the Debtor is actually trying to propose here.

It appears to the Trustee that what is missing in the application or motion is a clause to award attorney fees and costs to special counsel.  However, the Trustee cannot be sure.  A normal one-third (1/3) contingency fee is what is normally customary in this type of situation would yield an attorney fee of approximately $10,000.00.  The Trustee does not know if any expenses were incurred by special counsel.  So the Trustee cannot determine if the $13,000.00 is what it was supposed to be requested for special counsel with $17,000.00 to the Trustee or if this is just a scribner's error.

In any event there is no line item to request fees and costs for the attorney and this causes the Trustee some concern.  The Trustee would like finality to this situation.

Wherefore, the Chapter 13 Trustee moves the Court for an order denying Debtor's

Motion to Approve Settlement until such as his concerns are remedied.

                                               Respectfully submitted,

                                               */S/ Jeffrey M. Kellner*

                                               JEFFREY M. KELLNER  0022205
                                               CHAPTER 13 TRUSTEE
                                               131 N. Ludlow St., Suite 900
                                               Dayton, OH 45402
                                               (937) 222-7600 Fax: (937) 222-7383
                                               email: chapter13@dayton13.com

                                                                           (17-32838)

## CERTIFICATE OF SERVICE

        I hereby certify that a copy of the following Trustee's Response and Opposition to Debtor's Motion to Approve Settlement was served **electronically** on the date of filing through the Court's ECF System on all ECF participants registered in this case at the email address registered with the Court and by **ordinary U.S. Mail** on February 9, 2018 addressed to:

Jeffrey G. Richmond
115 Horace St.
Dayton, OH  45402

Julia C. Kolber
Boucher & Boucher Co., LPA
Special Counsel for Civil Action
12 W. Monument Ave.
Suite 200
Dayton, OH  45402-1202